UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| DARRIEN BROWN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VIRGINIA POLYTECHNIC INSTITUTE | ) |
| AND STATE UNIVERSITY, | ) Civil Action No. 7:20CV65 |
| | ) |
| and | ) |
| | ) |
| TIMOTHY SANDS, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S COMPLAINT**

**Introduction**

1. Darrien Brown, a college student, files this action for declaratory and injunctive relief to vindicate his rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

2. This case arises out of a constitutionally flawed process that resulted in a decision by the Virginia Polytechnic Institute and State University ("Virginia Tech") to give Mr. Brown– a graduating senior in the Virginia Tech Corps of Cadets ("Corps") who was poised to receive his Commission as an officer in the United States Army in May 2020, and who had an exemplary academic record – a two semester suspension, through Fall 2020.

3. A student accused Mr. Brown and others in the Corps of hazing at team-building event on October 18, 2019.

1

4. Essentially, the student said that he or she was made to perform various calisthenics during the event, followed by "blood pinning," or the placement of a small pin commemorating participation in the event, and that such activity allegedly constituted hazing.

5. The student – whose identity remains anonymous –brought their accusation to the attention of unknown school officials, and eventually, to Virginia Tech Assistant Vice President of Student Affairs Dr. Frances Keene and Virginia Tech Interim Vice President of Student Affairs Dr. Frank Shushok. They referred the allegation to the Virginia Tech Office of Student Conduct, which then assigned various staff to conduct an investigation into the allegations.

6. Virginia Tech investigators complied a report into the complaint.

7. Upon receiving the report, the Virginia Tech Office of Student Conduct held a hearing for Mr. Brown and the other members of the Corps who allegedly participated in the event. Virginia Tech refused to share the identity of the student-accuser prior to or during the hearing and denied Mr. Brown and his fellow accused students any opportunity to question him or her. Virginia Tech sanctioned Mr. Brown upon the hearsay testimony of Corps investigators.

8. As a result of Virginia Tech's refusal to allow Mr. Brown to confront his accuser, and grant a fair hearing, Mr. Brown was denied a right to due process and deprived of his property interest in his continued enrollment.

9. Mr. Brown now faces a permanent blemish his record and loss of his full military scholarship, which will jeopardize graduating as scheduled, and he will not be able to honor his contract to join the Army. This suit follows requesting that the Court enter an order for declaratory and injunctive relief setting aside the honor hearing result as violative of the U.S. Constitution.

## Parties

10. Plaintiff Darrien Brown is a United States citizen who resides and is domiciled in the State of North Carolina.

11. Defendant Virginia Tech is an institution of higher education located in the city of Blacksburg, Virginia, and is part of the statewide system of public higher education operated by the Commonwealth of Virginia.

12. Defendant Timothy Sands is the President of Virginia Tech. Upon information and belief, Dr. Sands is a United States citizen who resides and is domiciled in the Commonwealth of Virginia.

13. The actions of Virginia Tech, by and through its employee Dr. Sands and his staff, as described herein, took place under color of state authority.

## Jurisdiction and Venue

14. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 2201, 2202, 1331 and 1343.

15. Venue is proper pursuant to 28 U.S.C. § 1391. Virginia Tech is a public university created under the Virginia Code, incorporated and with its principal place of business in this district. The errors and omissions giving rise to Plaintiff's claims took place in this district.

## Facts

16. Mr. Brown is a senior at Virginia Tech majoring in Business Management.

17. Mr. Brown has a contract to enlist in the U.S. Army upon graduation.

18. This past semester, Mr. Brown served as a senior leader of one of the Corps units, the Bravo Company.

19. On October 18, 2019, the Bravo Company held a voluntary integration event for sophomore members of the company. The purpose of the event, which had been held for years, was to foster camaraderie among the members and had been approved by Mr. Brown's superior, Cadet Commander Nelson Demarest.

20. The event was entirely voluntary. Anyone who was a member of Bravo Company before the event would continue to be so in good standing regardless of whether they participated in the event or not.

21. A group of about 21 juniors and seniors led the event, and about 20 sophomores voluntarily participated.

22. Participants met at Caldwell Fields to perform a variety of exercises for physical training. Then, the group undertook a hike, stopping at various points.

23. Mr. Brown drove his own vehicle alongside the group during the hike to provide water and make sure everyone was staying safe during the event.

24. Mr. Brown assisted others if they became too tired and informed all participants that it was okay if they did not want to continue.

25. At the conclusion of the hike, the group went back down and had a bonfire where one of the platoon leaders gave a speech about Bravo Company.

26. A ceremony was help where the members were given a pin to recognize their participation.

27. Absolutely no drugs or alcohol were involved.

28. As far as Mr. Brown was concerned, no one was injured during the event, and it was performed just as it has been for many years.

29. An unidentified participant later alleged that the event constituted hazing, focusing specifically on the pinning ceremony, also known as blood pinning.

30. The pin involved is a small company pin. It is placed on a person's shirt and tapped. Participation in this ceremony is entirely voluntary.

31. Participation in this ceremony is entirely voluntary; no one would be pinned who did not want to be.

32. On December 9, 2019, Mr. Brown appeared at the Virginia Tech Office of Student Conduct for a hearing on the anonymous student's hazing complaint.

33. The hearing officer reviewed the report by investigators.

34. The hearing officer heard testimony from Mr. Brown, who stated, he was the senior leader of Bravo Company; had received permission to hold the event; that the members engaged in the exercises and pinning ceremony, which had been a Corps tradition; that no one was injured; and, the event was voluntary.

35. The hearing officer did not hear testimony from the accuser.

36. The hearing officer did not disclose the name of the accuser, or any of the witnesses against Mr. Brown, other than the investigators who allegedly spoke with them and compiled the report that formed the basis of the conduct referral.

37. Following the hearing, Mr. Brown was found responsible for violating the Virginia Tech hazing policy.

38. Virginia Tech suspended Mr. Brown for two semesters.

39. On December 21, 2019, Mr. Brown appealed the hearing outcome to the Interim Assistant Vice President of Student Affairs Dr. Frances Keene.

40. Mr. Brown urged the university to set aside the hearing result as unduly harsh and violative of his due process rights.

41. On January 10, 2020, Dr. Keene rejected Mr. Brown's appeal, and stated in her letter to him upholding the suspension, "Confronting your accuser is not a procedural guarantee in the student conduct process."

42. Mr. Brown now asks this Court to lift the suspension and permit Virginia Tech to return to school to graduate.

43. Absent injunctive relief, Mr. Brown will not graduate on time, will breach his Army Contract, and be forced to repay his full Military Scholarship (seven semesters).

## COUNT I – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983

44. Mr. Brown realleges the foregoing paragraphs.

45. Mr. Brown has a constitutionally protected property interest in his continued education at Virginia Tech.

46. Mr. Brown suffered a deprivation of a property interest when he was suspended for two semesters from Virginia Tech, which as a result, will inhibit his ability to graduate on time and honor his enlistment contract with the U.S. Army.

47. Mr. Brown also has a constitutionally protected liberty interest in his good name, reputation and integrity.

48. The due process provisions of the Fourteenth Amendment apply to the disciplinary process used by Virginia Tech against Mr. Brown.

49. Mr. Brown was entitled to process commensurate with the seriousness of the charge of hazing and the potential discipline he faced. The allegation was serious and resulted in

harsh sanctions, as well as the prospect of a lifelong stigma that will foreclose future educational and employment opportunities.

50. Mr. brown was entitled to fundamentally fair procedures to determine whether he was responsible for the alleged hazing.

51. Virginia Tech, through Dr. Sands and staff, failed to provide adequate due process when they collectively neglected to identify Mr. Brown's accuser or provide him with an opportunity to confront and question his accuser.

52. As a result of the due process violations, Mr. Brown was wrongly disciplined and suffers ongoing harm to his good name and educational progress.

## **DEMAND FOR JUDGMENT**

WHEREFORE, Mr. Brown requests the Court award the following relief, and enter a judgment against the Defendants Virginia Tech and Dr. Sands:

a. A declaratory judgment that Virginia Tech and Dr. Sands violated Mr. Brown's rights to due process;

b. An emergency preliminary injunction requiring Virginia Tech and Dr. Sands to re-admit Mr. Brown to allow him to complete his last semester of college and graduate on time;

c. A permanent injunction requiring Virginia Tech, Dr. Sands, and all other officers, employees, or agents of Virginia, and all other persons in active concert or participation with them, to: expunge Mr. Brown's records at Virginia Tech of any indication of a finding that he committed an act of hazing or was the subject of discipline;

    c.      A permanent injunction enjoining Virginia Tech, Dr. Sands, and all other officers, employees, or agents of Virginia, and all other persons in active concert or participation with them, from: (i) continuing to enforce any sanction against Mr. Brown for alleged hazing; (ii) making any notation in Mr. Brown's educational or disciplinary records related to the incidents described in this Complaint; and, (iii) making any disclosure to a third party that any adverse disciplinary action was taken against Mr. Brown arising out of the incidents described in this Complaint;

    d.      An award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1920, and any other appropriate authority; and

    e.      Any other further relief as the Court deems just and appropriate

January 30, 2020                Respectfully submitted,

                                           DARRIEN BROWN

                                           By: /s/ Robert E. Dean
                                                  Of Counsel

Robert E. Dean, Esq. (VSB No. 80288)
ROB DEAN LAW
401 Campbell Ave., Ste. 302
Roanoke, Virginia 24016
Phone:  (540) 585-1776
Fax:      (540) 301-0833
Email:   rob@robdeanlaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 30th day of January, 2020, the foregoing pleading was filed with the United States District Court for the Western District of Virginia, Roanoke Division using the CM/ECF system.

*[signature]*