UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| DARRIEN BROWN<br><br>    Plaintiff,<br><br>v.<br><br>VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY,<br><br>and<br><br>TIMOTHY SANDS,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 7:20cv65<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR PRELIMINARY INJUNCTION

### Introduction

1.Darrien Brown, a college student, files this action for declaratory and injunctive relief to vindicate his rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. This case arises out of a constitutionally flawed process that resulted in a decision by the Virginia Polytechnic Institute and State University ("Virginia Tech") to give Mr. Brown– a graduating senior in the Virginia Tech Corps of Cadets ("Corps") who was poised to received his Commission as an officer in the United States Army in May 2020, and who had an exemplary academic record – a two semester suspension, through Fall 2020.

2.A student accused Mr. Brown and others in the Corps of hazing at team-building event on October 18, 2019. Essentially, the student said that he or she was made to perform various calisthenics during the event, followed by "blood pinning," or the placement of a small pin commemorating participation in the event, and that such activity allegedly constituted

1

hazing. The student – whose identity remains anonymous –brought their accusation to the attention of unknown school officials, and eventually, to Virginia Tech Assistant Vice President of Student Affairs Dr. Frances Keene and Virginia Tech Interim Vice President of Student Affairs Dr. Frank Shushok. They referred the allegation to the Virginia Tech Office of Student Conduct, which then assigned various staff to conduct an investigation into the allegations.

3. Virginia Tech investigators complied a report into the complaint. Upon receiving the report, the Virginia Tech Office of Student Conduct held a hearing for Mr. Brown and the other members of the Corps who allegedly participated in the event. Virginia Tech refused to share the identity of the student-accuser prior to or during the hearing and denied Mr. Brown and his fellow accused students any opportunity to question him or her. Virginia Tech sanctioned Mr. Brown upon the hearsay testimony of Corps investigators. As a result of Virginia Tech's refusal to allow Mr. Brown to confront his accuser, and grant a fair hearing, Mr. Brown was denied a right to due process and deprived of his property interest in his continued enrollment.

4. Mr. Brown now faces a permanent blemish his record and loss of his full military scholarship, which will jeopardize graduating as scheduled, and he will not be able to honor his contract to join the Army.

5. Mr. Brown moves this Court for an order of preliminary injunctive relief setting aside the honor hearing result as violative of the U.S. Constitution.

**Law and Argument**

6. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

7. Applying the first factor, Mr. Brown is likely to succeed on the merits. He was deprived of his interest in continued enrollment at Virginia Tech, without even the basic due process of knowing and confronting his accuser prior to or during the hearing.

8. Due process in student disciplinary proceedings merit, at a minimum, an opportunity to confront one's accuser, where the credibility of the accuser is at issue. *See, e.g. Donohue v. Baker*, 976 F. Supp. 136, 147 (N.D.N.Y. 1997) (denying summary judgment to university officials accused of procedural due process because officials failed to permit cross-examination of witnesses; "if a case is essentially one of credibility, the 'cross-examination of witnesses might [be] essential to a fair hearing.' . . . In the instant case, the disciplinary hearing became a test of the credibility of plaintiff's testimony versus the testimony of [his accuser]. . . . [T]he plaintiff here faced expulsion. . . . At the very least, in light of the disputed nature of the facts and the importance of witness credibility in this case, due process required that the panel permit the plaintiff to hear all evidence against him and to direct questions to his accuser through the panel.") (quoting *Winnick v. Manning*, 460 F.2d 545, 550 (2d Cir. 1972)).

9. This Court's decision in *Doe v. Alger* is instructive. Though that case concerned an accusation of assault, the academic consequences were similarly fraught: in both this case, and *Doe,* the student could be expelled. In *Doe,* Judge Dillon noted that the Fourth Circuit has embraced the following due process standard in university misconduct cases where students might be expelled:

> The notice should contain a statement of the specific charges and grounds which, if proven, would justify expulsion under the regulations of the [University]. The nature of the hearing should vary depending upon the circumstances of the particular case. The case before us requires something more than an informal interview with an administrative authority of the college. By its nature, a charge of misconduct, as opposed to a failure to meet the scholastic standards of the college, depends upon a collection of the facts concerning the charged misconduct, easily colored by the point of view of the witnesses. In such

3

> circumstances, a hearing which gives the ... administrative authorities of the college an opportunity to hear both sides in considerable detail is best suited to protect the rights of all involved. This is not to imply that a full-dress judicial hearing, with the right to cross-examine witnesses, is required. Such a hearing, with the attending publicity and disturbance of college activities might be detrimental to the college's educational atmosphere and impracticable to carry out. Nevertheless, the rudiments of an adversary proceeding may be preserved without encroaching upon the interests of the college.

175 F. Supp. 3d at 661 (citing *Cobb v. Rector & Visitors of Univ. of Va.*, 69 F.Supp.2d 815, 828-29 (W.D.Va. July 7, 1999) (alterations and omissions in original) (quoting *Dixon*, 294 F.2d at 159); *see also Henson*, 719 F.2d at 74 ("Although *Dixon* was decided more than twenty years ago, its summary of minimum due process requirements for disciplinary hearings in an academic setting is still accurate today.")). *Doe* criticizes JMU for, among other things, failing to provide the accused student with the identity of one of his accusers prior to the hearing. *Id.* at 662.

10.  Here, Virginia Tech permitted a similarly fraught process: Mr. Brown, and others, were suspended from school without *any* opportunity to know his accuser, test his or her veracity, or otherwise question the truth of the allegations. He was tried and convicted on the hearsay report compiled by Virginia Tech's investigators. That, even in a student disciplinary proceeding, falls well short of the basic due process rights he ought to have received.

11.  The other factors also weigh in Mr. Brown's favor. If this Court were to deny his request for injunctive relief, he will suffer irreparable harm. He will not graduate on time – and as a result, forfeit his contractual duty to the United States Army to enlist this summer. Unless this Court grants his request for reinstatement, he will breach his Army Contract and be forced to repay his full Military Scholarship (seven semesters).

12.  Furthermore, the balance of equities tips in Mr. Brown's favor. Mr. Brown will be able to enroll in classes this semester and work toward graduation while this matter is litigated. At the same time, the University, which suffers no harm from Mr. Brown attending classes, will

be free to argue at a later date that the process afforded Mr. Brown was sufficient. The injunction at least avoids what will otherwise be an irreparable harm – breaching the Army contract – while otherwise permitting the parties to litigate the merits while the injunction is in place.

WHEREFORE, Mr. Brown respectfully moves this Court to grant his emergency request for a preliminary injunction requiring Virginia Tech and Dr. Sands to lift his suspension and re-admit Mr. Brown to work toward graduating on time to fulfill his Army contract.

January 30, 2020                                Respectfully submitted,

DARRIEN BROWN

By: _____
Of Counsel

Robert E. Dean, Esq. (VSB No. 80288)
ROB DEAN LAW
401 Campbell Ave., Ste. 302
Roanoke, Virginia 24016
Phone:  (540) 585-1776
Fax:      (540) 301-0833
Email:   rob@robdeanlaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2020, the foregoing pleading was filed with the United States District Court for the Western District of Virginia, Roanoke Division using the CM/ECF system.

_____